UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN–SOUTHERN DIVISION

STEVEN FORD,
    Plaintiff,

                                       Case No.
-vs-                              Hon.

DATAQUICK LENDING SOLUTIONS, INC., and
TRANS UNION, LLC,
    Defendants.

## COMPLAINT & JURY DEMAND

*Plaintiff, Mr. Steven Ford, states the following claims for relief:*

### Introduction

1. All allegations and claims in this Complaint stem from false and inaccurate credit reporting relating to Mr. Ford.

2. In specific, this Complaint arises out of connection with DataQuick Lending Solutions, Inc.'s ("DataQuick") and Trans Union, LLC's ("Trans Union") misreporting of Mr. Ford's son's information on his credit file.

3. In spite of Mr. Ford's efforts to correct these errors, DataQuick and Trans Union have prepared reports about Mr. Ford that incorrectly include data attributable to Mr. Ford's son, Steven Ford, II.

### Jurisdiction

4. Mr. Ford brings this lawsuit under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

5. The claims presented under the FCRA present a federal question for purposes of 28 U.S.C. §1331.

## Venue

6. The transactions and occurrences which give rise to this action occurred in Genesee County.

7. Venue is proper in the Eastern District of Michigan.

## Parties

8. The Plaintiff to this lawsuit is Mr. Steven Ford ("Mr. Ford"), a natural person and resident of Flint, MI 48532.

9. Mr. Ford is a consumer as defined by the FCRA, at 15 U.S.C. §1681a(c).

10. The Defendants to this action are as follows:

    a. DataQuick, a consumer reporting agency as contemplated by the FCRA, at 15 U.S.C. 1681a(f); and

    b. Trans Union, a consumer reporting agency as contemplated by the FCRA, at 15 U.S.C. 1681a(f).

## Factual Allegations Relative to the DataQuick Credit Report

11. Mr. Ford incorporates the preceding allegations by reference.

12. Mr. Ford applied for a refinance loan through U.S. Bank on March 13, 2014.

13. As part of that application process, U.S. Bank requested a consumer report concerning Mr. Ford from DataQuick on March 13, 2014.

14. Mr. Ford obtained a copy of his DataQuick consumer file ("DataQuick disclosure") on July 30, 2014.

15. In its cover letter, DataQuick informed Mr. Ford that the consumer report contained the same information as the mortgage report that was provided to his lender, U.S. Bank.

16. As Mr. Ford had applied for a refinance loan through U.S. Bank on March 13, 2014, on information and belief the DataQuick disclosure of July 30, 2014 contained the same

information as the mortgage report provided to U.S. Bank on March 13, 2014.

17. The DataQuick disclosure included information that DataQuick had ordered from TransUnion, Experian, and Equifax on March 13, 2014 and later compiled in a single consumer report (a "tri-merge" report).

18. The DataQuick disclosure contained public record and identifying information that did not properly describe or apply to Mr. Ford, and that included the following inaccurate items:

    a. The DataQuick disclosure includes the name "Steven Ford, II" which did not accurately describe Mr. Ford;

    b. DataQuick's report to U.S. Bank on March 13, 2014 included a public record civil judgment under the name Steven G. Ford II which did not accurately describe Mr. Ford; and

    c. Later on the July 30, 2014 DataQuick disclosure, there is credit score information included that was pulled by DataQuick from Trans Union, Experian and Equifax. The credit score information pulled by DataQuick from Trans Union on March 13, 2014 lists a factor affecting Mr. Ford's score as "derogatory public record or collection filed."

19. Trans Union provided the inaccurate information in the March 13, 2014 report by DataQuick to U.S. Bank.

20. The credit scoring model used to generate Mr. Ford's credit score relied on the inaccurate information provided by Trans Union.

21. The "risk factors" delivered by Trans Union to DataQuick relied on the inaccurate information provided by Trans Union.

22. DataQuick delivered the inaccurate information that it received from Trans Union to U.S.

Bank in a consumer report on March 13, 2014.

23. The inaccurate personal information, reference to the public record civil judgment, and inaccurate credit score information have previously appeared on consumer reports prepared by Trans Union, despite notice to Trans Union that the information was inaccurate as to Mr. Ford.

24. The inaccurate personal information, reference to the public record civil judgment, and inaccurate credit score information have previously appeared and, on information and belief, continue to appear on consumer reports prepared by DataQuick, despite notice to DataQuick that the information was and is inaccurate as to Mr. Ford.

25. Mr. Ford suffered damages as a result of the issuance of consumer reports containing inaccurate information by Trans Union and DataQuick.

## Count I – FCRA, 15 U.S.C. § 1681 *et seq.*

26. Mr. Ford incorporates the preceding allegations by reference.

27. The appearance of the inaccurate account information was the direct and proximate result of Defendants' failure to maintain reasonable procedures to assure the maximum possible accuracy of Mr. Ford's credit report in violation of the FCRA, 15 U.S.C. § 1681e(b).

28. Trans Union negligently failed to maintain reasonable procedures to assure the maximum possible accuracy of Mr. Ford's credit report, in violation of 15 U.S.C. §§ 1681e(b) and 1681o; alternatively, Trans Union willfully failed to maintain reasonable procedures to assure the maximum possible accuracy of Mr. Ford's credit report, in violation of 15 U.S.C. §§ 1681e(b) and 1681n.

29. DataQuick negligently failed to maintain reasonable procedures to assure the maximum possible accuracy of Mr. Ford's credit report, in violation of 15 U.S.C. §§ 1681e(b) and

1681o; alternatively, DataQuick willfully failed to maintain reasonable procedures to assure the maximum possible accuracy of Mr. Ford's credit report, in violation of 15 U.S.C. §§ 1681e(b) and 1681n.

30. Mr. Ford has suffered damages as a result of these violations of the FCRA.

## Jury Demand

31. Mr. Ford demands trial by jury.

## Request For Relief

32. ACCORDINGLY, Plaintiff, Mr. Steven Ford, requests that the Court grant any or all of the following relief:

   a.   Actual damages for items including emotional distress, mental aguish, frustration, humiliation, and embarrassment.
   b.   Statutory damages in an amount to be determined at trial.
   c.   Punitive damages in an amount to be determined at trial.
   d.   Costs and attorney fees provided by statute.
   e.   Declaratory and injunctive relief as appropriate.
   f.   Any other relief the Court deems just.

    Respectfully Submitted,

    By:  s/ Amanda M. Longendyke
    Amanda M. Longendyke (P77777)
    LYNGKLIP & ASSOCIATES
    CONSUMER LAW CENTER, PLC
    Attorney for Steven Ford
    24500 Northwestern Highway, Ste. 206
    Southfield, MI 48075
    PHONE:  (248) 208-8864
    Amanda@MichiganConsumerLaw.Com

Dated: October 3, 2014